Claude Y. PAQUIN et al.,
Plaintiffs-Appellants,

v.

FOUR SEASONS OF TENNESSEE,
INC., et al., Defendants,

Norman H. Cronk, Defendant-Appellee.

No. 74–2890.

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1975.

Claude Y. Paquin, pro se.

Norman H. Cronk, pro se.

Long & Siefferman, Floyd E. Siefferman, Jr., Atlanta, Ga., for defendants.

ON PETITION FOR REHEARING
AND PETITION FOR REHEAR-
ING EN BANC
(Opinion Sept. 17, 1975, 5 Cir., 1975,
519 F.2d 1105).

Before COLEMAN, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

CLARK, Circuit Judge (dissenting):

I respectfully dissent from the panel's refusal to grant rehearing. The petition for rehearing corrects a factual mistake in my prior dissent which makes the case even stronger.

Three corporations were involved in this litigation: Whale, Inc., which owned Diversified Land Developers, Inc., which owned Four Seasons of Tennessee, Inc. At the time I prepared my dissent to the panel opinion, I was of the opinion that Four Seasons was the developer of the lands involved. The decisional portion of the majority opinion, 519 F.2d at 1110, also treated Four Seasons as the developer. Diversified Land Developers, Inc., is and at all times was the developer within the meaning of the Interstate Land Sales Full Disclosure Act. Neither the existence of a corporation named Four Seasons nor its corporate vitality is material to any issue in this case. Diversified was the developer; Whale, its parent, was bankrupt. That fact was obviously even more material than a two-corporation-removed failure. A fortiori, it should have been disclosed. In addition, Whale's bankruptcy petition appeared to take Diversified Land Developers, Inc., into bankruptcy also. Section IV of their bankruptcy petition stated: Whale "has no available cash with which to pay its past due obligations or those of its subsidiaries . . .." The petition specifically lists Diversified as Whale's subsidiary and its prayer asked that "persons be enjoined and stayed from commencing or continuing any action at law or suit or proceeding in equity against [Whale] *or its subsidiaries* . . .."

24 CFR § 1710.105 Part II(c)(2) (effective December 1, 1973) now requires that a developer reveal in his Property Report whether any principals have voluntarily filed petitions in bankruptcy or have had involuntary petitions in bankruptcy filed against them. A principal is defined as someone who has a 10 percent or more financial interest in the developer. This subsequent administrative interpretation reinforces my conclusion that the Property Report failed to include a most material fact.